JOANOS, Judge.
Appellant Sylvester Perkins appeals from a judgment based upon a jury verdict adjudging him guilty of “bail bond jumping” in violation of section 843.15, Florida Statutes, and sentencing him to prison for five years. He argues two points on appeal. We affirm on both points.
Perkins was charged with bail bond jumping after failing to appear at his trial for possession of a firearm by a convicted felon. At the bond jumping trial, the bail bondswoman testified that she bonded out Perkins and explained to him the conditions of the bond. She further stated that she talked to Perkins the day before the possession trial and told him that they had picked the jury and he was going to trial. The chief bailiff for the possession trial testified that Perkins was present for jury selection and that the judge told everyone to return at 1 p.m. the next day. He further testified that Perkins failed to appear the following day at 1 p.m., that Perkins’ wife came about 1:30 p.m., informing the court that he was on his way, that the jury was dismissed about 2 p.m., after which Mrs. Perkins went into the hallway and Mr. Perkins arrived about five minutes later. Judge Oliff questioned the bailiff regarding the instructions and events. Counsel for Perkins objected to the questioning, to which the judge replied that it was his obligation to clarify the confusion and continued to question the witness. The questioning was conducted in a manner such that it was not revealed that Judge Oliff was also the judge who presided over the possession trial. However, at the conclusion of Judge Oliff’s questioning, Perkins’ attorney orally moved to have Judge Oliff recuse himself because of the line of questioning and because Judge Oliff was the same judge involved in the earlier proceedings. The motion was denied. The state rested. Counsel for Perkins moved *874 for judgment of acquittal which was denied. Later Perkins testified that he had been told by his attorney to be in court between 1:00 and 1:30 and that he was late because of a job interview. After the evidence was concluded, Perkins’ attorney renewed the motion for judgment of acquittal, which was denied.
In Perkins’ first point on appeal, he argues that the judge’s questioning of the bailiff, over objection, deprived him of a fair trial. We disagree. A trial judge may ask questions of witnesses and clear up uncertainties so long as the judge does not depart from neutrality. Watson v. State, 190 So.2d 161 (Fla.1966), cert. denied 389 U.S. 960, 88 S.Ct. 339, 19 L.Ed.2d 369 (1967). The questioning by the trial judge in this case cleared up the indefiniteness of the times that certain events took place. After reviewing the transcript we can find no indication that the judge’s neutrality was compromised nor was there any indication that the judge believed Perkins was guilty. Further, the questioning was done in a manner so as not to indicate to the jury that the presiding judge was the same judge that presided over the possession proceedings. But for Perkins’ attorney’s statements in the motion for recusal at the conclusion of the judge’s questioning, that revelation would not have been made to the jury.
Likewise, we cannot agree with Perkins’ second point on appeal which was that the trial court should have granted his motion for judgment of acquittal. The prosecution proved a prima facie case of guilt and the factual question of intent was properly left to the jury.
AFFIRMED.
LARRY G. SMITH and NIMMONS, JJ., concur.